NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0097n.06
Filed: November 17, 2004

No. 03-5729

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ELSIE JEAN MCGUIRE, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| BOARD OF EDUCATION OF RACELAND- | ) | **O P I N I O N** |
| WORTHINGTON INDEPENDENT SCHOOLS; | ) | |
| JOHN P. STEPHENS; DON NICHOLLS; STEPHEN | ) | |
| BURKHARDT; CHARLES BOYLES; SANDRA | ) | |
| LOPERFIDA; ROENNA SPAINHOWER, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: NORRIS, BATCHELDER, and ROGERS, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Plaintiff, Elsie McGuire, appeals the district court's

grant of summary judgment to defendants, Board of Education of Raceland-Worthington

Independent Schools ("BOE Raceland"), John P. Stephens, Don Nicholls, Stephen Burkhardt,

Charles Boyles, Sandra Loperfida and Roenna Spainhower.[1] Plaintiff sued defendants under the

Kentucky Civil Rights Act ("KCRA") Ky. Rev. Stat. § 344.010 *et seq.*, for failure to accommodate

her disability. The district court granted summary judgment to defendants. It found that defendants

offered a reasonable accommodation, and, because plaintiff refused it, she was not qualified for

---

[1]John Stephens is the superintendent of BOE Raceland, and the other individual defendants
are board members who are sued in their official capacities.

work as defined by federal regulations interpreting the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101 *et seq*., upon which the KCRA is based.

**I.**

Plaintiff began her employment at BOE Raceland in 1990. On October 6, 1997, she fell at work, injuring her right ankle, left knee, left ankle, and breast. This fall exacerbated her pre-existing degenerative arthritis and caused pain and swelling in her left knee when she stood or walked. Due to her injury, plaintiff missed significant amounts of work until she stopped altogether on December 19, 1997.

According to plaintiff, on November 24 or 25, 1997, she spoke with the principal of the school, Mike Mullins, about the possibility of moving her classroom from the second floor to a classroom on the first floor, as the school had no elevators and her injury prevented her from climbing stairs. Plaintiff told Principal Mullins that she had discussed the switch with the music teacher, who was willing to trade classrooms. In response, plaintiff says that Principal Mullins refused her request, citing the noise the music room would create for the other classrooms on the second floor.

On January 8, 1998, plaintiff wrote a letter to Superintendent Stephens stating that she intended to apply for disability retirement instead of returning to work for the remainder of the 1997-98 school year. In this letter, plaintiff mentioned that Principal Mullins had refused her request for a first floor classroom, which left her with no option other than retirement. Plaintiff also notified the superintendent of her intent to receive workers' compensation until the disability retirement

benefits began.  On January 30, 1998, plaintiff sent a follow-up letter to the superintendent confirming that her disability retirement had been approved.

In addition to the teacher's disability retirement benefits which began on February 1, 1998, plaintiff filed a workers' compensation claim.  The Kentucky School Board Insurance Trust ("Insurance Trust"), which handled the workers' compensation claims for BOE Raceland, wrote the BOE Raceland District financial officer to ask whether BOE Raceland could make an accommodation to return plaintiff to work.  Superintendent Stephens responded to this inquiry on March 23, 1998, by stating that it would be possible to give plaintiff a first floor classroom, that plaintiff could sit or stand at her discretion, and that she could have a designated parking space near the entrance to the school.  The letter was forwarded to plaintiff.

On February 11, 2002, after moving to Georgia, plaintiff filed a complaint based on diversity jurisdiction, citing a violation of the KCRA.

The district court granted summary judgment to defendants, first noting that the KCRA is interpreted in consonance with federal discrimination laws.  Memorandum Opinion and Order, March 17, 2003, at 3 (citing *Bank One, Kentucky, N.A. v. Murphy*, 52 S.W.3d 540, 544 (Ky. 2001)). To prevail, plaintiff must show that she 1) is disabled, 2) is a qualified individual with a disability, and 3) suffered an adverse employment decision because of her disability.  *Burns v. Coca-Cola Enters., Inc.*, 222 F.3d 247, 253 (6th Cir. 2000).  The district court held that plaintiff was not a "qualified individual" because she rejected a reasonable accommodation.  *See Hankins v. The Gap, Inc.*, 84 F.3d 797, 802 (6th Cir. 1996) (citing 29 C.F.R. § 1630.9(d))(while an employee does not have to accept an offered accommodation, if the individual rejects a reasonable accommodation, that

individual is not qualified).  The district court relied in part upon statements in plaintiff's deposition that she did not return to work after Superintendent Stephens' offer of accommodation because by staying home she "could take care of [her] leg and not be swollen all the time and not in pain as much."

In response to summary judgment, plaintiff filed a Fed.R.Civ.P. 59 motion to alter or amend. The district court re-affirmed its order on May 15, 2003.

## II.

This court reviews the grant of summary judgment *de novo*.  *Dubuc v. Green Oak Township*, 312 F.3d 736, 743 (6th Cir. 2002).  We view all evidence and inferences in the light most favorable to the non-moving party.  *Shah v. Deaconess Hosp.*, 355 F.3d 496, 498 (6th Cir. 2004).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).

We affirm the district court's grant of summary judgment to defendants to the extent that plaintiff was not "qualified" under the ADA after the school offered her an accommodation and she refused it.  *Hankins*, 84 F.3d at 802.

Plaintiff proposed an alternative remedy in her motion to alter or amend the district court's judgment, which she did not mention in her brief in opposition to summary judgment: even if her refusal to accept the accommodation caused her to forfeit damages from the time that the accommodation was offered, she nevertheless is entitled to damages for the interim period beginning when she requested the accommodation and ending on the date that she received notice of the

superintendent's proposed accommodation.  However, plaintiff forfeited any claim to damages for the interim period by failing to present this alternative theory of recovery squarely to the district court. *Thurman v. Yellow Freight Sys., Inc.*, 97 F.3d 833, 835 (6th Cir. 1996) (finding that where plaintiff failed to raise the issue in the amended complaint or pretrial order, plaintiff did not litigate it at trial, the district court did not address it and  plaintiff raised it for the first time in his motion to alter or amend the judgment, the issue was not preserved for appeal).

### III.

For the foregoing reasons, the district court's grant of summary judgment to defendants is **affirmed.**